Wayne C. **EVANS;** Madelyn F. Evans, Petitioners–Appellants,

v.

**COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.**

Nos. 10–73745, 10–73746.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 2, 2013.

Wayne C. Evans, Charlestown, IN, pro se.

Madelyn F. Evans, Charlestown, IN, pro se.

Patricia McDonald Bowman, Trial, John A. Dicicco, Acting Assistant Attorney General, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, DOJ–U.S. Department of Justice, Washington, DC, William J. Wilkins, Chief Counsel, Internal Revenue Service, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Washington, DC for Respondent–Appellee.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Wayne C. Evans and Madelyn F. Evans appeal pro

---

* The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

se from the Tax Court's decision, following a bench trial, upholding the Commissioner of Internal Revenue's determination of deficiencies and penalties for tax years 1995 and 1996. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's conclusions of law and for clear error the Tax Court's factual determinations. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir.1995). We affirm.

The Tax Court did not clearly err in concluding that the three-year statute of limitations in 26 U.S.C. § 6501(a) does not apply and that the penalty under 26 U.S.C. § 6663 was properly imposed on Wayne Evans because there was clear and convincing evidence that the underpayment of income in the Evans's 1995 and 1996 tax returns was fraudulent. *See Laurins v. Comm'r*, 889 F.2d 910, 913 (9th Cir.1989) (setting forth circumstantial evidence, or badges of fraud, from which court can infer fraudulent intent).

The Tax Court did not clearly err in sustaining the Commissioner's deficiency determinations and determining that the Evans failed to produce sufficient evidence to demonstrate their entitlement to claimed business deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir.2007) (taxpayer bears burden of showing right to claimed deduction).

The Tax Court did not clearly err in finding that Madelyn Evans failed to qualify for innocent spouse relief because she failed to show that she did not know or have reason to know of the understatements. *See Ordlock v. Comm'r*, 533 F.3d 1136, 1139 (9th Cir.2008) (requirements to qualify for innocent spouse relief under 26 U.S.C. § 6015(b)).

* The panel unanimously concludes this case is suitable for decision without oral argument.

The Tax Court did not abuse its discretion in making evidentiary rulings concerning admission of documents submitted by the Commissioner and exclusion of documents submitted by the Evans, including the profit-and-loss statement. *See Bradford v. Comm'r*, 796 F.2d 303, 306 (9th Cir.1986) (setting forth standard of review for Tax Court evidentiary rulings).

We reject the Evans's remaining contentions concerning Fifth Amendment violations, advice of their counsel, and Tax Court bias.

**AFFIRMED.**